**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)** | } | **Consolidated Under MDL Docket No. 875** |
| **WILLARD E. BARTEL and DAVID C. PEEBLES, Administrators of the Estate of CHARLES STEWART, Deceased,** | } | **Maritime Docket (MARDOC)** |
| | } | **Case No. 2:11-cv-32115** |
| **Plaintiffs,** | } | **Transferor District Court: Northern District of Ohio Case No: 96-13202** |
| **v.** | } | |
| **AMERICAN EXPORT ISBRANDTSEN, INC., et al.,** | } | |
| **Defendants.** | } | |

**DEFENDANT CRANE CO.'S MOTION FOR SUMMARY JUDGMENT**

Defendant Crane Co. hereby moves for summary judgment as to all of plaintiffs' claims pursuant to Federal Rule of Civil Procedure 56. In support of this motion, Crane Co. states:

1. Plaintiffs filed a Complaint in the Northern District of Ohio alleging that Mr. Stewart, a career merchant seaman, was diagnosed with an asbestos-related disease as a result of his alleged exposures to asbestos aboard multiple vessels. This lawsuit was subsequently transferred to the MDL-875 Maritime Docket in the United States District Court for the Eastern District of Pennsylvania.

2. Under Rule 56(a) of the Federal Rules of Civil Procedure, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

3. Here, plaintiffs have failed to establish a genuine issue of material fact on the issue of causation because they have failed to produce any evidence establishing that Crane Co.

manufactured or supplied any product, asbestos-containing or otherwise, to which Mr. Stewart may have been exposed. Moreover, Crane Co. cannot be held liable for products it did not make, design, or sell. Accordingly, Crane Co. is entitled to summary judgment on plaintiffs' claims.[1]

WHEREFORE, Crane Co. respectfully requests entry of summary judgment in its favor and against plaintiffs and all other Defendants.

Dated: July 26, 2013

Respectfully submitted,

**K&L GATES LLP**

/s/ Michael J. Zukowski
Michael J. Zukowski, (Pa. I.D. 84136)
Syed D. Ali (Pa. I.D. 206719)

K&L Gates Center
210 Sixth Avenue
Pittsburgh, PA 15222
T: 412-355-6500
F: 412-355-6501

*Attorneys for Defendant Crane Co.*

[1] To the extent it becomes applicable, Crane Co. also moves for summary judgment under the government contractor defense. Plaintiffs contend that Mr. Stewart was exposed to asbestos-containing products on numerous merchant marine vessels. Because plaintiffs have not specified on which vessels they allege he may have worked with Crane Co. products, it is impossible at this time for Crane Co. to determine whether any valves that may have been present on any particular vessel were supplied pursuant to government specifications. In other words, because Crane Co. does not know which vessels are at issue with respect to its products, it cannot determine whether those vessels were former Navy or Coast Guard vessels, for example. As such, Crane Co. reserves its right to further brief this issue if plaintiffs clarify their allegations against Crane Co. and identify any specific vessels on which they allege Mr. Stewart worked with Crane Co. valves.

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)** | } | **Consolidated Under MDL Docket No. 875** |
| **WILLARD E. BARTEL and DAVID C. PEEBLES, Administrators of the Estate of CHARLES STEWART, Deceased,** | } | **Maritime Docket (MARDOC)** |
| | } | **Case No. 2:11-cv-32115** |
| **Plaintiffs,** | } | **Transferor District Court: Northern District of Ohio Case No: 96-13202** |
| **v.** | } | |
| **AMERICAN EXPORT ISBRANDTSEN, INC., et al.,** | } | |
| **Defendants.** | } | |

**DEFENDANT CRANE CO.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Defendant Crane Co. submits this Memorandum of Law in support of its Motion for Summary Judgment. Plaintiffs filed a Complaint in the Northern District of Ohio alleging that Mr. Stewart, a career merchant seaman, was diagnosed with an asbestos-related disease as a result of his alleged exposures to asbestos aboard multiple vessels. This lawsuit was subsequently transferred to the MDL-875 Maritime Docket in the United States District Court for the Eastern District of Pennsylvania.

Discovery is closed, and Crane Co. moves for summary judgment under Federal Rule of Civil Procedure 56. Summary judgment exists "to isolate and dispose of factually unsupported claims." *Celotex v. Catrett*, 477 U.S. 317, 323–24 (1986). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." F.R.C.P. 56(a). Throughout

the course of discovery, plaintiffs failed to produce any evidence demonstrating that Mr. Stewart worked with or around any product (asbestos-containing or otherwise) made or supplied by Crane Co.[2] Under maritime law, Crane Co. has no legal duty to warn about, and cannot be held liable for, products it neither made nor sold. Accordingly, Crane Co.'s Motion for Summary Judgment should be granted.

**A. Plaintiffs have failed to establish that exposure to a Crane Co. product caused Mr. Stewart's alleged injuries.**

Under maritime law,[3] a plaintiff must prove that he was exposed to a particular defendant's product, and that this product was a substantial factor in causing plaintiff's injury. *See, e.g.*, *Lindstrom v. A-C Prod. Liab. Trust*, 424 F.3d 488, 492 (6th Cir. 2005) (holding under maritime law that plaintiff must show "that (1) he was exposed to defendant's product, and (2) the product was a substantial factor in causing the injury suffered."). Summary judgment based upon insufficient product identification is appropriate where there is no evidence that a plaintiff worked regularly and frequently in the vicinity of asbestos-containing products supplied or manufactured by a particular defendant. *Id.* at 492. The evidence in this case fails to create a genuine issue of material fact on the issue of causation. As noted, plaintiffs failed to produce any evidence demonstrating that Mr. Stewart worked with or around a Crane Co. product during his

---

[2] None of plaintiffs' so-called sworn statements, nor any discovery responses, nor any co-worker depositions that have been taken in the MARDOC litigation demonstrate that Mr. Stewart worked with or around a Crane Co. pump or valve, much less an asbestos-containing product placed into the stream of commerce by Crane Co.

[3] This Court has already held that maritime law applies to the MARDOC claims. *See In re Asbestos Products Liability Litigation (No. VI)*, MDL No. 875, 2012 WL 3242420, *10 (E.D. Pa. Aug. 13, 2012) ("As it is undisputed that the MARDOC Plaintiffs sustained their alleged asbestos exposure while they were merchant marines who performed tasks in connection with the operation and maintenance of vessels while aboard vessels on navigable waters, the locality and connection tests are satisfied in these cases, and the Court shall apply maritime law—including the Jones Act—to Plaintiffs' claims against Defendants."); *see also Conner v. Alfa Laval, Inc.*, 799 F. Supp. 2d 455 (E.D. Pa. 2011).

career. Accordingly, the Court should grant summary judgment in favor of Crane Co.

**B. Crane Co. is not liable for asbestos-containing materials that it did not manufacture, sell, or design.**

Even if plaintiffs could demonstrate that Mr. Stewart worked with or around Crane Co. valves, those valves were made of metal, not asbestos. To the extent plaintiffs are alleging that Mr. Stewart was exposed to asbestos from packing or gasket materials used in conjunction with Crane Co. valves, Crane Co. is entitled to summary judgment because it did not make or sell those materials. Under maritime law, Crane Co. cannot be held liable for alleged exposures to third-parties' asbestos-containing packing or gasket materials. *See, e.g.*, *Lindstrom*, 424 F.3d at 493–97; *Conner v. Alfa Laval, Inc.*, 842 F. Supp. 2d 791, 801 (E.D. Pa. 2012) (holding that, under maritime law, "a manufacturer is not liable for harm caused by, and owes no duty to warn of hazards inherent in, asbestos products that the manufacturer did not manufacture or distribute"); *Floyd v. Air & Liquid Systems Corp.*, MDL-875 No. 2:10-cv-69379, 2012 WL 975615 (E.D. Pa. Feb. 8, 2012) (holding that to the extent the alleged exposures pertain "to asbestos-containing component parts used in connection with Crane Co.'s products but not manufactured or supplied by Crane Co., summary judgment is warranted"); *accord Cardaro v. Aerojet Gen. Corp.*, MDL-875 No. 2:11-cv-66763, 2012 WL 3536243 (E.D. Pa. July 26, 2012); *Serini v. A.W. Chesterton Co.*, MDL-875 No. 07-69109, 2012 WL 2914188 (E.D. Pa. May 14, 2012); *Miller v. A.W. Chesterton Co.*, MDL-875 No. 07-67107, 2012 WL 2914180 (E.D. Pa. May 14, 2012); *Lyautey v. Alfa Laval, Inc.*, MDL-875 No. 10-cv-84922, 2012 WL 2877377 (E.D. Pa. March 19, 2012); *Campbell v. A.W. Chesterton Co.*, MDL-875 No. 2:11-66745, 2012 WL 5392873 (E.D. Pa. Oct. 15, 2012).[4]

---

[4] *Accord O'Neil v. Crane Co.*, 266 P.3d 987 (Cal. 2012) (holding that a manufacturer is not liable for products it did not make or supply and that foreseeability does not create a duty under any theory of liability); *Surre v. Foster Wheeler LLC*, 831 F. Supp. 2d 797, 801

**C. Conclusion**

Crane Co. is entitled to summary judgment in this lawsuit. Plaintiffs have failed to establish a genuine issue of material fact on the issue of causation, because they failed to come forth with evidence establishing that Mr. Stewart worked with or near a Crane Co. product that may have released asbestos to which he was exposed. And Crane Co. is not liable for products that it did not make, sell, or design. Accordingly, Crane Co. respectfully requests that this Court grant its motion for summary judgment and dismiss plaintiffs' claims in their entirety.

Dated: July 26, 2013

Respectfully submitted,

**K&L GATES LLP**

/s/ Michael J. Zukowski
Michael J. Zukowski, (Pa. I.D. 84136)
Syed D. Ali (Pa. I.D. 206719)

K&L Gates Center
210 Sixth Avenue
Pittsburgh, PA 15222
T: 412-355-6500
F: 412-355-6501

*Attorneys for Defendant Crane Co.*

---

(S.D.N.Y. 2011) (clarifying that New York follows the stream-of-commerce test and holding that "a manufacturer has no duty to warn against defects in such third-party products so long as the manufacturer had no control over the production of the defective product and did not place it into the stream of commerce"); *Faddish v. Buffalo Pumps*, 881 F. Supp. 2d 1361, 1374 (S.D. Fla. 2012) (predicting that the Florida Supreme Court would follow the national trend and holding, under Florida law, that "[b]ecause defendants were not in the chain of distribution of the dangerous asbestos-containing products causing injury. . ., they cannot be charged with a duty to warn under negligence or strict liability theory.").

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of Defendant Crane Co.'s Motion for Summary Judgment and Defendant Crane Co.'s Memorandum of Law in Support of its Motion for Summary Judgment were electronically served on plaintiffs' counsel and all counsel of record on July 26, 2013 and are available for viewing and downloading from the Court's ECF system.

/s/ Michael J. Zukowski
Attorney for Defendant Crane Co.

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)** | } | **Consolidated Under MDL Docket No. 875** |
| **WILLARD E. BARTEL and DAVID C. PEEBLES, Administrators of the Estate of CHARLES STEWART, Deceased,** | } | **Maritime Docket (MARDOC)** |
| | } | **Case No. 2:11-cv-32115** |
| **Plaintiffs,** | } | **Transferor District Court: Northern District of Ohio Case No: 96-13202** |
| **v.** | } | |
| **AMERICAN EXPORT ISBRANDTSEN, INC., et al.,** | } | |
| **Defendants.** | } | |

**[PROPOSED] ORDER**

AND NOW, this __ day of ______________, 20__, upon consideration of Defendant Crane Co.'s Motion for Summary Judgment, Brief in Support, and any response(s) thereto, it is hereby ORDERED that Crane Co.'s Motion is Granted and all claims and cross-claims against Crane Co. are DISMISSED WITH PREJUDICE.

BY THE COURT:

____________________________________